UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

CARL ANDREWS,

        Defendant.

**ORDER**

S8 19 Cr. 131 (PAE)

The Government has submitted a motion requesting that, in connection with the trial scheduled to begin on March 9, 2020, the Court: (1) close the courtroom to the general public for the limited period during which an undercover officer (the "UC") with the Suffolk County Police Department ("SCPD") will testify; 2) allow the UC to testify without providing his real name, instead using a pseudonym; and (3) prohibit the use of all non-official recording and photographic devices and methods, including sketching, during the UC's testimony.

With respect to the Government's request to close the courtroom during the UC's testimony, the Court has considered the four-factor test set forth in *Waller* v. *Georgia*, 467 U.S. 39, 43 (1984). The Court finds as follows: (1) the UC has conducted undercover operations into drug trafficking and other criminal activity in Suffolk County, New York, and continues to engage in

such operations; (2) were the UC's identity to become known to residents of the neighborhoods in which he works, his safety and that of other agents with whom he works would be in danger; (3) the Government's interest in protecting the UC's safety and in maintaining the continued effectiveness of ongoing undercover investigations is a compelling and overriding interest, which would be seriously prejudiced by requiring the UC to testify in an open courtroom; (4) there are no reasonable alternatives to the requested partial closure of the courtroom that would both adequately protect the compelling interest in preserving the UC's safety and the defendant's right to a fair trial; and (5) because the defendant's immediate family will be permitted in the courtroom during the UC's testimony, the transcript of the proceeding will be made available to the public at no cost within 24 hours, a pool reporter designated by the SDNY press corps will be permitted access to the courtroom during the UC's testimony, and a live audio feed in another courtroom also will be provided, the proposed partial courtroom closure is no broader than necessary to protect the UC's safety and the integrity of ongoing investigations.

The Government further requests that the UC be permitted to testify without providing his true name, instead using only a pseudonym. The Court has considered this request

and finds as follows: (1) the Government's legitimate concerns about the risk that the UC might be recognized would be heightened if his name were publicly disclosed; (2) testimony about the UC's name in no way goes to guilt or innocence; (3) the limited anonymity sought by the Government is not outweighed by the defendant's right to cross-examination, because the Government has provided and will continue to provide any impeachment material for the UC and has agreed to provide the UC's real name to defense counsel on an attorney's-eyes-only basis, which will allow the defense to fully investigate the UC, in order to prepare for cross-examination; and (4) the limitation sought by the Government that defense counsel not inquire in open court as to the UC's true name and not provide that name to anyone else, including the defendant, is reasonable and no more burdensome than necessary.

Finally, to ensure that the UC's identity is not made publicly known, the use of all non-official recording and photographic devices and methods, including sketching, is prohibited during the UC's testimony.

Accordingly, for the foregoing reasons, the Government's motion is GRANTED.

SO ORDERED.

Dated: March 9, 2020
       New York, New York

_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE