# ALAN M. NELSON
### ATTORNEY AT LAW

3000 MARCUS AVENUE, SUITE 1E5
LAKE SUCCESS, NEW YORK 11042
TELEPHONE: (516) 328-6200
FAX: (516) 328-6354
E-mail: anelsonlaw@aol.com

NEW YORK OFFICE:
111 JOHN STREET
SUITE 640
NEW YORK, NY 10038

March 14, 2020

**BY ECF & ELECTRONIC MAIL**
Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, N.Y. 10007

Re: United States v. Carl Andrews
19 Cr. 131 (PAE)

Dear Judge Engelmayer:

The defense writes to request the Court to stay the pending trial or, in the alternative, conduct an individual voir dire of each juror about how the events that have transpired since last Monday concerning COVID-19 affect his or her ability to remain fair and impartial and to deliberate fully.

The stay should be granted for two reasons: 1) continuing the trial poses a substantial health risk to the attorneys, court staff, the defendant, witnesses, and the jury; and 2) continuing the trial in the present environment will substantially prejudice the defendant and that prejudice outweighs any constitutional considerations, including the defendant's right to a speedy trial.

Continuing the present trial poses grave, irreversible risks to all participants. As the Court is aware cases of COVID-19 are exponentially growing in New York City. That growth, by all accounts, mirrors growth in Italy which has been presented with 13,802 cases[1] in just the last week. It is likewise clear that self-quarantine is the most effective means of "flattening" the exponential growth.[2] To that end, New York City has taken extraordinary measures to stop the spread of the virus. A state of emergency was declared on Thursday (a day before a national emergency was declared by President Trump) with Mayor de Blasio predicting at least 1,000

---

[1] Anjali Singhvi et al., *How the World's Largest Coronavirus Outbreaks Are Growing*, N.Y. Times, Mar. 12, 2020, https://www.nytimes.com/interactive/2020/world/coronavirus-maps-italy-iran-korea.html.

[2] Doug Stanglin, *A self-quarantine seems brutal when you're not sick with coronavirus – but it really is for the greater good*, USA Today, Mar. 12, 2020
https://www.usatoday.com/story/news/health/2020/03/11/coronavirus-flattening-curve-quarantine-stop-spread/5021564002/.

new cases by next week.[3]  From Friday to today, there have been 100 new cases in New York City. "The only analogy for this, is war" the Mayor said.[4]  Extreme measures are warranted. The virus is very contagious, spreading easily from person to person especially in confined spaces.[5] The virus can be passed before symptoms have even emerged.  What's more, empirical evidence from other countries show that interventions, including closing workplaces, works.[6]

Hand-washing is not enough. Most businesses have ordered their employees to work remotely.  Courts, on both the state and federal level, have postponed the start of any new trials.  That measure, in our view, does not go far enough.  This is particularly true for trials currently taking place in the Southern District.  Last week, a security guard working at the U.S. Attorney's Office at St. Andrew's Plaza was diagnosed with the virus.[7]  Symptoms from the virus begin to emerge anywhere from two to fourteen days after contraction.  This wide ranging incubation period is relevant here.  Although the area where the guard worked was sterilized on Thursday, it is unclear whether members of the US Attorney's Office involved in the present trial had contact with the guard or with other staff who had contact with the guard.  Such contact may have happened unknowingly.  Because it is impossible to know whether such contact took place, and because the indefinite incubation period means infected parties may be asymptomatic, the risk of spread is real.

In addition, all parties, including the jury, come from all over New York City and Westchester, and many have used mass transit.  It is conceivable that more than one person has contracted virus.  More notably, the more this Court requires parties to travel to the courthouse in confined spaces, and then work in a likewise confined space, the more likely additional parties involved in this trial will contract the disease.  This is a tremendous risk, with no real precedent, for the Court to take on.  The undersigned, for their part, are anxious about the possibility of putting themselves and their families at risk while most of the metropolitan area works from home.

---

[3] *NYC Declares State of Emergency, Bans Large Crowds to Grapple with Worsening Outbreak*, WNBC, https://www.nbcnewyork.com/news/local/containment-zone-takes-effect-st-pats-postponed-ny-2nd-most-hard-hit-state-in-u-s/2323201/

[4] Bernadette Hogan, *First coronavirus-related death confirmed in New York State*, Mar. 14, 2020, https://nypost.com/2020/03/14/first-coronavirus-related-death-confirmed-in-new-york-state/?utm_campaign=iosapp&utm_source=message_app

[5] Knvul Sheikh & Roni Caryn Rabin, *The Coronavirus: What Scientists Have Learned So Far*, Mar. 10, 2020, https://www.nytimes.com/article/what-is-coronavirus.html

[6] Nicholas Kristof & Stuart A. Thompson, *How Much Worse the Coronavirus Could Get, in Charts*, N.Y. Times, Mar. 13, 2020, https://www.nytimes.com/interactive/2020/03/13/opinion/coronavirus-trump-response.html

[7] Ben Feuerherd, *Security guard at Manhattan federal prosecutor's office has coronavirus*, N.Y. Post, Mar. 13, 2020, https://nypost.com/2020/03/13/security-guard-at-manhattan-federal-prosecutors-office-has-coronavirus/

In addition, the prejudice to the Defendant is apparent. Members of the jury are likely to be aware of all or some of the developments set forth above, including the infection within the U.S. Attorney's Office. The Court has no way to assure the jury that any trial participants are free of the virus as testing is severely limited.[8] The jury will no doubt be scared and/or angry about having to commute to the trial, hear testimony in a confined box, and deliberate in an even more confined space. That anger and fear is likely to translate to an unfair trial for the Defendant. In addition, were deliberations to start in the present environment, there is no doubt that the jury would seek to complete them as quickly as possible. This poses a grave risk of prejudice to the Defendant. The subject matter of this trial is stressful in a vacuum. In the present environment, it is impossible to predict how the jury will behave. That unpredictability poses a grave risk to the Defendant's right to a fair trial, which risk did not exist when jury selection commenced.

Accordingly, the undersigned respectfully request that this Court stay the present trial until such time as the Court deems it safe for new trials to begin. When it comes to safety, all attorneys, court personnel, defendants, and jurors should be on equal footing. It is unfair to all parties for the Circuit to put the parties involved in the present trial at such grave risk.

In the event the Court is disinclined to grant a stay, the undersigned request that upon the return of the jurors conduct, the Court conduct an individual voir dire of each juror concerning the effect the events which have transpired since last Monday concerning COVID-19 have, or might have upon their ability, to fairly and appropriately honor their obligations as jurors.

This is uncharted territory and the COVID-19 is a danger without fully defined parameters. The most immediate way to battle it at this stage is to first try for containment, which is now the national directive. The fact is nobody has any idea what we're dealing with yet.

The defense team is quite concerned that the events which have transpired since the commencement of jury selection on March 9, 2020, certainly weigh heavily on each juror, as they do each of us. We are therefore very concerned that the jurors, in a desire to comply with the goal of containment, will be seriously affected in their deliberations. This in turn could significantly affect Mr. Andrew's right to a jury trial by a fully fair and impartial jury.

We therefore request the court to individually voir dire each juror concerning their ability to deliberate, listen to and discuss their opinions with fellow jurors, maintain their positions if

---

[8] Aylin Woodward & Skye Gould, *One chart shows how many coronavirus tests per capita have been completed in 8 countries. The US is woefully behind*, Mar. 9, 2020, https://www.businessinsider.com/coronavirus-testing-covid-19-tests-per-capita-chart-us-behind-2020-3 ("Compared with many other countries affected by the coronavirus, in fact, the US has done the fewest COVID-19 tests per capita."); Laura Santhanam, *The reason U.S. COVID-19 numbers aren't higher? Not enough tests*, PBS NewsHour, Mar. 12, 2020, https://www.pbs.org/newshour/health/the-reason-u-s-covid-19-numbers-arent-higher-not-enough-tests

supported by the evidence, entertain arguments of fellow jurors and if not so convinced stand by opinion in deliberations.

We also ask the court to have each juror commit to honor their obligation to deliberate irrespective of their natural desire to return to their homes and comply with the now national directive of containment in the battle against the spread of COVID-19.

Respectfully submitted,

Alan M. Nelson

cc: All Counsel