# Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K<br>
Brooklyn, New York 11230<br>
t: (718) 783-3682<br>
e: ezra@spilkelaw.com<br>
www.spilkelaw.com

March 14, 2020

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Randall et al.*, No. 19-CR-131-PAE

Dear Judge Engelmayer:

      We write in reply to the government's letter in opposition to Carl Andrews's motion to stay. The March 13, 2020, miscellaneous order cited by the government actually supports Mr. Andrews's application in that it acknowledges the risk of placing people in close proximity to one another. The best mitigation strategy, in lieu of testing, is keeping a distance of six feet from other people.[1] The members of the jury cannot be ignorant of this guidance, and some are no doubt, at this point, perturbed to be sitting cheek-by-jowl for hours at a time. The government does not address what fears the jury may have, noting only that "no juror has expressed any concern." That is simply insufficient. This unique situation demands proactive measures, such as conducting individual voir dire at sidebar or staying the proceedings.

      Although much thought was doubtless given to the miscellaneous order, this is a developing situation. We note that the United States District Court for the Western District of Washington, which was home to the first confirmed COVID-19 case in the country and is weeks ahead of us in the rapid evolution of governmental

---

[1] CDC, *Coronavirus Disease 2019 (COVID-19)—Risk Assessment and Management*, https://www.cdc.gov/coronavirus/2019-ncov/php/risk-assessment.html ("Social distancing means remaining out of congregate settings, avoiding mass gatherings, and maintaining distance (approximately 6 feet or 2 meters) from others when possible."); CDC, *Coronavirus Disease 2019 (COVID-19)—Risk Assessment and Management—If You Are at Higher Risk*, https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html ("Avoid crowds, especially in poorly ventilated spaces. Your risk of exposure to respiratory viruses like COVID-19 may increase in crowded, closed-in settings with little air circulation if there are people in the crowd who are sick.").

Hon. Paul A. Engelmayer
Page 2 of 3

responses to the virus, continued all in-court appearances pending further order of the court. A copy of the order is attached.

      Surely, the Western District of Washington's order affected the rights of many victims and the public in a speedy trial. Nevertheless, a public health emergency is afoot. Indeed, it has invaded One Saint Andrews Plaza, where the government has just advised us that a second person confirmed to have COVID-19 works. Because of the well-documented shortage of testing, nobody knows how many other asymptomatic carriers of the virus there are within the United States Attorney's Office.

      While we appreciate that none of the government's trial team exhibits any symptoms, even a casual news consumer knows that many people are carrying the virus asymptomatically. Furthermore, none appear to be in one of the well-known risk groups of people aged sixty and above.[2] At least one member of the defense team, however, is in a risk group being over the age of sixty-five.

      We do not yet know whether any member of the jury is at particular risk. According to the CDC, any lung disease, even one as commonplace as asthma, can place a person at higher risk.[3] People with HIV or AIDS are at higher risk. Diabetes sufferers are at higher risk. Those with sickle cell disease are at higher risk. Those with hepatitis are at higher risk.

      We are completely in the dark whether any member of the jury has any of these conditions or is in close contact with a loved one in any risk group. Probing members of the jury in such a way as to determine those risks may rightly be viewed by them as an invasion of privacy. Discretion is the better part of valor, and the trial should be stayed. Alternatively, Mr. Andrews proposes conducting a voir dire to determine whether any member of the jury is at higher risk, whether any member of the jury is in close contact with anyone at higher risk and whether the events that have transpired since last Monday concerning COVID-19 affect his or her ability to remain fair and impartial and to deliberate fully.

---

[2] CDC, Press Briefing (Mar. 10, 2020), https://www.cdc.gov/media/releases/2020/t0309-covid-19-update.html ("Starting at age 60, there is an increasing risk of disease and the risk increases with age. . . . The people who are at greatest risk are those older and who also have serious long-term health conditions like diabetes, heart disease, or lung disease. ").

[3] CDC, *Implementation of Mitigation Strategies for Communities with Local COVID-19 Transmission*, App'x A, https://www.cdc.gov/coronavirus/2019-ncov/downloads/community-mitigation-strategy.pdf.

Hon. Paul A. Engelmayer
Page 3 of 3

                                        Respectfully submitted,

                                        */s/ Ezra Spilke*
                                        Alan M. Nelson
                                        Ezra Spilke
                                        Lee Bergstein
                                        1825 Foster Avenue, Suite 1K
                                        Brooklyn, New York 11230
                                        (718) 783-3682
                                        *Counsel for Carl Andrews*

Cc:    All counsel of record by ECF