UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

-v-

CARL ANDREWS,

Defendant.

------------------------------------------------------------

19 Cr. 131 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On June 5, 2020, defendant Carl Andrews renewed his motion for bail pursuant to 18 U.S.C. § 3142(f), in light of the threat that COVID-19 poses to his health while he is incarcerated at the MCC. Dkts. 401–02 ("Motion"); Dkt. 410 ("Reply"). In the alternative, Andrews moved for pretrial release under § 3142(i), so as to give him meaningful access to his counsel as they prepare for Andrews' retrial, presently scheduled for September 21, 2020, Andrews' initial trial in March having ended in a mistrial. *Id.*[1] The Government opposes the motion. Dkt. 408 ("Opp'n"). For the following reasons, the motion is denied.

In an application for bail, "'the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community,' and 'by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.'" *United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). However, where a defendant is charged with certain enumerated offenses, the bail statute imposes a rebuttable presumption "that no condition

---

[1] Andrews' initial trial was suspended on March 16, 2020, on account of the inability to safely continue the trial amid the COVID-19 pandemic. The Court later granted Andrews' unopposed motion for a mistrial.

or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." § 3142(e)(3).  Such is the case here, as Andrews is charged with sex trafficking by means of force, fraud, or coercion, 18 U.S.C. § 1591(a), and conspiracy to commit the same, *id.* § 1594(c), both of which are "offense[s] under [18 U.S.C.] Chapter 77 . . . for which a maximum term of imprisonment of 20 years or more is prescribed," 18 U.S.C. § 3142(e)(3)(D).  Where the rebuttable presumption applies, "a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight.  Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes*, 254 F.3d at 436 (2d Cir. 2001) (internal citations omitted).  "At all times, however, the government retains the ultimate burden of persuasion." *English*, 629 F.3d at 319 (internal quotation marks omitted).

The Court is unpersuaded that Andrews has met his burden of production under § 3142(e)(3) as to either basis for detention.  But, even assuming *arguendo* that Andrews had done so, the Court finds, without hesitation, that the Government has carried its burden and established (1) by a preponderance, that Andrews presents a risk of flight, and (2) by clear and convincing evidence, that Andrews presents a danger to the community.

As to flight, Andrews, if convicted, faces a mandatory minimum sentence of 15 years' imprisonment, and a maximum possible sentence of life imprisonment.  The Court found, prior to trial, that Andrews presented a clear risk of flight, including because of the incentive he would have to avoid such outcomes.  *See* Dkt. 67 (March 25, 2019 bail hearing transcript).  Andrews does not supply any reason to view this risk as diminished.  If anything, Andrews' appreciation

of the risk of conviction he faces may have grown, with his having witnessed, during the March trial, the formidable evidence presented in the Government's case prior to the trial's suspension. The Court reaffirms its finding that Andrews, if at liberty, would present a risk of flight, and that there are not conditions that would reasonably assure his presence.

      As to danger, the Court previously found, based on the Government's pretrial proffer, that the Government had carried its burden on this point. *See* Dkt. 67. The evidence at trial forcefully confirmed that Andrews would present a grave danger to the community if released on bond. This evidence centered on a victim's testimony and also included extensive text messages corroborating her account. The evidence credibly established Andrews' coercion and manipulation of the victim and his exploitation of her narcotics addiction to secure her continued participation in prostitution. The evidence also established Andrews' participation in narcotics trafficking. The Court was particularly struck by the extent to which Andrews carried out the sex-trafficking from a distance, including by text and phone and at times with the aid of one more intermediaries. Even if confined to his home, Andrews could still attempt to access to a telephone or computer, and the Court does not have confidence that he would abide by any restrictions the Court would impose as to the use of such communications. These means could enable Andrews to resume sex trafficking and/or narcotics distribution. The Court therefore finds, by clear and convincing evidence, that Andrews' release, even on restrictive conditions, would pose a danger to the community, requiring his continued detention.

      The Court is sensitive to Andrews' argument, under 18 U.S.C. § 3142(i), that his pre-trial release is needed to effectuate his ability to assist in the preparation of his defense. Undeniably, the extraordinary present limits on defense counsel's access to clients at the MCC on account of the pandemic severely inhibits meaningful trial preparation. There is a particular need for such

access in Andrews' case. Andrews had extensive opportunity both to familiarize himself with Rule 16 discovery and to confer with the counsel who represented him at his initial trial. But, following trial, one of Andrews' two lead counsel, Alan Nelson, Esq., was substituted by Susan Kellman, Esq., for reasons unrelated to this matter. For Ms. Kellman to ably counsel Andrews as to his options, and to ably represent him at the forthcoming retrial, it will be imperative that Ms. Kellman, who has yet to meet with Andrews in person, have meaningful access to him—access which the current restrictions at the MCC do not permit. It does not follow, however, that Andrews' release on bail is warranted. Access for defense counsel to their clients at the MCC is expected to be restored as the risk presented by the pandemic in New York City abates. The Court further stands ready to assist Andrews' counsel, if needed, in gaining access to him. Counsel may rest assured that the Court will not permit the retrial to commence unless it is assured that Andrews' counsel have had sufficient access to him.

The Court accordingly denies Andrews' renewed motion for release from custody. The Clerk of Court is respectfully directed to terminate the motion pending at docket 401.

SO ORDERED.

PAUL A. ENGELMAYER  
United States District Judge

Dated: June 15, 2020
       New York, New York