UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CARL ANDREWS,

Defendant.

19 Cr. 131 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On July 23, 2020, defendant Carl Andrews renewed his motion for bail pursuant to 18 U.S.C. § 3142(f), in light of the threat that COVID-19 poses to his health while he is incarcerated, and the impediments that the MCC's current public-health restrictions on legal visits present to his ability to prepare for trial. Dkt. 420 ("Third Motion"). On July 29, 2020, the Government filed an opposition. Dkt. 423 ("Gov't Opp'n"). On July 30, 2020, Andrews filed a reply. Dkt. 424 ("Reply").

Andrews previously filed a renewed motion for bail on June 5, 2020. Dkts. 401–402, 410 (the "Second Motion"). The Court denied that motion on June 15, 2020. Dkt. 412. In renewing his motion for bail, Andrews identifies three "new circumstances [that] bear on whether detention is appropriate": "the continued suspension of visitation" at the MCC; "the inadequacy of inmate-to-lawyer[] video-and tele-conferencing as a substitute for masked, face-to-face [conversations] or even privately arranged videoconferencing;" and, "the near certainty that the retrial will not proceed in September." Reply at 1.

In denying Andrews' Second Motion, the Court found, "without hesitation, that the Government has carried its burden and established (1) by a preponderance, that Andrews

presents a risk of flight, and (2) by clear and convincing evidence, that Andrews presents a danger to the community." Although Andrews urges a different conclusion in his Third Motion, he does not present any new information as to either point. The Court therefore incorporates by reference the reasoning of its June 15, 2020 Order and again finds that no set of conditions of release would adequately ensure the safety of the community or Andrews' presence at his upcoming trial. *See* Dkt. 412.

Although the Court is unpersuaded that the new circumstances identified by Andrews justify his release from pretrial custody, the concerns he raises are substantial. They are all the more so because there is urgency to furnishing Andrews a retrial. Andrews's initial trial was forced to be suspended on March 16, 2020 on account of the fast-descending pandemic and later resulted in a mistrial. Andrews's retrial is presently scheduled for September 21, 2020 and while a trial on that date increasingly appears improbable, the Court's intention in the event that a trial on that date proves unsustainable is to schedule the retrial as soon as possible once jury trials resume in this District. Significantly, too, one of Andrews' trial counsel, Susan Kellman, Esq., was appointed to represent him (succeeding a predecessor) in April 2020, after attorney visits at the MCC had been suspended. The Court is concerned that Andrews has yet to meet Ms. Kellman in person, and is mindful that Andrews' phone conversations with counsel do not carry the same assurance of privacy, and realistically cannot be as effective, as in-person legal visits.

The Court stands ready to assist defense counsel to obtain meaningful access to Andrews in advance of trial, and reiterates that it "will not permit the retrial to commence unless it is assured that Andrews' counsel have had sufficient access to him." Dkt. 412. To the extent such requests are within its power, the Court welcomes proposals short of pre-trial release that would

enhance communications between Andrews and his counsel.  In particular, on request of the defense, the Court is willing to schedule an in-person pretrial conference as promptly as can be arranged; such a conference, in addition to enabling the Court to take up outstanding issues in the case—including issues presented by the forthcoming retrial—would permit Andrews to meet Ms. Kellman in person.  The Court also encourages defense counsel to work with the Government, which the Court expects will impress upon the Bureau of Prisons the importance, in light of the upcoming retrial, of prioritizing communications (and to the extent then permitted) in-person meetings between Andrews and his counsel.

The Court accordingly denies Andrews' renewed motion for release from custody.  The Clerk of Court is respectfully directed to terminate the motion pending at docket 420.

SO ORDERED.

                                               *Paul A. Engelmayer*
                                               PAUL A. ENGELMAYER
                                               United States District Judge

Dated: July 31, 2020
            New York, New York