## Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K  
Brooklyn, New York 11230  
t: (718) 783-3682  
e: ezra@spilkelaw.com  
www.spilkelaw.com

November 29, 2020

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *United States v. Randall et al.*, No. 19 Cr. 131 (PAE)

Dear Judge Engelmayer:

     We write on behalf of Carl Andrews to update the Court on a number of subjects discussed at the November 25th conference. Because of the intervening holiday, Mr. Andrews has not had an opportunity to update us on his access to discovery. Accordingly, we enclose our letter dated November 24 addressing the status of that issue as of that date.

Attorney-Client Videoconferences

     We have a standing one-and-one-half-hour videoconference with Mr. Andrews that is to occur weekly on Wednesdays at 9:00 AM. These videoconferences are being scheduled by the Federal Defender's Office and come out of the weekly thirty-five hours of videoconference time allotted to them to administer. The videoconference that was to take place on November 25, did not take place because it conflicted with the telephonic status conference with your Honor. That said, we had received an extra two-and-one-half-hour videoconference the day before that was scheduled by the MCC itself upon the government's request.

     As for scheduling videoconferences outside of the Federal Defender's administrative capabilities, the government advised us that we should make arrangements directly with MCC Legal staff and copy the government. Accordingly, on Wednesday, November 25 and again on Friday, November 27, we emailed Nicole McFarland and the MCC's paralegal, Marc Peakes, to schedule a videoconference for the week of November 30. We copied the government regarding this request; however, as of this writing we have received no response from the MCC.

Hon. Paul A. Engelmayer
November 29, 2020
Page 2 of 3

Mr. Andrews' Access to Discovery

In our November 24 letter to the Court, we also set forth the difficulties Mr. Andrews encountered while attempting to access the hard drive kept on his unit. We wrote the following:

> We understand that Mr. Andrews has not had access to the hard drive kept on his unit in about two weeks. He reports that he has consistently requested access and has been told by staff on his unit that they cannot accommodate his computer time because of the "lockdown." When he was given access to the computer, his time slot was 11:00 to noon, and, not infrequently, telephonic status conferences or attorney-client visits and videoconferences conflicted with his opportunity to review discovery kept on the hard drive. Mr. Andrews asked for an alternate accommodation so that, if he was unavailable for the 11:00 to noon slot, he would receive access at another time that same day. His request was denied. He also asked to change the schedule to a time when these prearranged conflicts were unlikely to arise. That request was also denied without explanation.

Prior to our November 25 status conference, we asked Ms. McFarland to address these issues. We received an email in response as the status conference was under way. Ms. McFarland notified us that, because Mr. Andrews' unit (7 South) is currently quarantined, he cannot come out of his cell outside of "the allotted time." To be clear, "the allotted time" refers to time when quarantined inmates are all permitted to shower – and not to a time when they are permitted to access their discovery.

Ms. McFarland also reported that Mr. Andrews' unit manager told her that, prior to the quarantine, Mr. Andrews did not indicate that his scheduled time slot for reviewing discovery (11:00 AM to noon every weekday) conflicted with court appearances, attorney visits or legal calls. We have not had an opportunity to discuss Ms. McFarland's account specifically with Mr. Andrews because we learned about it on November 25 and have had no contact with Mr. Andrews since. But we have no reason to doubt that Mr. Andrews has made his views about the scheduling conflict known for some time.

In the unlikely event that this letter sparks a response from the MCC prior to our conference on Monday, November 30th we will alert the Court.

Hon. Paul A. Engelmayer
November 29, 2020
Page 3 of 3

    The Court's attention to these matters is greatly appreciated.

                                    Respectfully submitted,

                                    */s/ Ezra Spilke*
                                    Susan G. Kellman
                                    Ezra Spilke
                                    Jacqueline Cistaro
                                    *Counsel for Carl Andrews*

cc:    All counsel of record by ECF
        Mr. Andrews by U.S.P.S.